**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TAASERA LICENSING LLC, | ) | Case No. 2:26-cv-00824 |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| ZOHO CORPORATION PVT. LTD., | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") files this original Complaint against Zoho Corporation Pvt. Ltd. ("Zoho" or "Defendant") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

## THE PARTIES

1. Taasera is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 313 South Washington Avenue, Marshall, Texas 75670.

2. Upon information and belief, Defendant Zoho Corporation Pvt. Ltd. is a company organized and existing under the laws of the Republic of India, with an office located at Plot Nos. 140 & 151, GST Road, Estancia IT Park, Vallanchery, Guduvanchery (Post), Kancheepuram (Chengalpattu) District 603202, Tamil Nadu, India.

3. Upon information and belief, Zoho places its products and/or services, including those accused of infringement herein, into the stream of commerce which terminates in the Judicial District of the Eastern District of Texas.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

5. This Court has specific and personal jurisdiction over Zoho consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, Zoho has sufficient minimum contacts with the forum because Zoho transacts substantial business in the State of Texas and in this Judicial District. Further, Zoho has committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District and elsewhere throughout the United States, as alleged in this Complaint. For example, on information and belief, the Accused Instrumentalities are available for purchase in this Judicial District.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b) because, among other things, Zoho is not a resident in the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3), including in the Eastern District of Texas. Zoho is a foreign corporation organized under the laws of a foreign state with its principal place of business outside the United States, and accordingly is subject to suit in any judicial district under 28 U.S.C. § 1391(c)(3). Venue is further proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because Zoho is subject to personal jurisdiction in this Judicial District and has committed acts of patent infringement in this Judicial District. On information and belief, Zoho makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.

**PATENTS-IN-SUIT**

7. On March 2, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,673,137 entitled "System and Method for the Managed Security Control of Processes on a Computer System" ("the '137 Patent").

8. On November 8, 2011, the USPTO duly and legally issued U.S. Patent No. 8,055,996 entitled "Lightweight Form Pattern Validation" ("the '996 Patent").

9. On September 30, 2014, the USPTO duly and legally issued U.S. Patent No. 8,850,517 entitled "Runtime Risk Detection Based on User, Application, and System Action Sequence Correlation" ("the '517 Patent").

10. Taasera is the sole and exclusive owner of all right, title, and interest in the '137, '996, and '517 Patents (collectively, the "Patents-in-Suit"), and it holds the exclusive right to take all actions necessary to enforce its rights in and to the Patents-in-Suit, including the filing of this patent infringement action. Taasera also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

11. Taasera has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, any prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

**FACTUAL ALLEGATIONS**

12. The '137 Patent, naming Thomas James Satterlee and William Frank Hackenberger as inventors, generally relates to managed security control of processes executing on a computing device. The '137 Patent discloses, among other things, techniques for validating a program before it executes and for monitoring the program at the operating system kernel when validation is incomplete, so that suspicious activity can be observed and addressed before the computing device

is harmed. In one embodiment, a system for the managed security control of processes on a computing device is disclosed, including a pre-execution module that receives notice from an operating system that a new program is being loaded; a validation module that determines whether the program is valid; a detection module that intercepts a trigger from the operating system; and an execution module that monitors, at the operating system kernel of the computing device, the program in response to the trigger.

13. The ’996 Patent, naming Scott Carrier as inventor, generally relates to lightweight pattern validation of form based input at a client device. The ’996 Patent discloses, among other things, a validation processor defining a form and packaged within a validation script library residing on the client device, together with a library reference and per-field function calls disposed in that markup. In one embodiment, a lightweight pattern validation system for a client device receiving markup defining a form is disclosed, including a processor further including a validation processor separate from the markup and configured with a prototype interface for receiving both a field validation pattern and also form based input to be validated against that field validation pattern; a validation script library within the client device and packaging the validation processor, wherein the form has at least one form based input field programmed for validation using the validation processor; a library reference to the script library disposed in the markup; a function call to the validation processor further disposed in the markup, the function call having a configuration for passing a reference to a value in the at least one form based input field for validation in the validation processor; a plurality of additional function calls to the validation processor disposed in the markup, each additional one of the function calls having a configuration for passing a reference to a value in a corresponding form based input field for validation in the validation processor; and a validation shell function encapsulating the function calls.

14. The ’517 Patent, naming Srinivas Kumar as inventor, generally relates to assessing runtime risk for an application or device based on the correlation of user, application, and system actions. The ’517 Patent discloses, among other things, the use of rules that identify action sequences and assessment policies that include such rules to identify a runtime risk and to generate a behavior score reflecting that risk. In one embodiment, a method for assessing runtime risk for an application program is disclosed, including storing in a rules database a plurality of rules, each rule identifying an action sequence; storing in a policy database a plurality of assessment policies, each assessment policy including at least one rule; identifying a runtime risk using at least one of the assessment policies, the runtime risk indicating a risk or threat of the identified action sequence; and identifying, by a runtime monitor with a processing device, a behavior score based on the identified runtime risk, wherein an action sequence comprises at least two performed actions, each of the performed actions being a user action, an application action, or a system action.

15. Zoho has infringed and continues to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products, including but not limited to ManageEngine Endpoint Central Cloud, ManageEngine Log360, Zoho Forms, and associated and related components, add-ons, and features (collectively, the “Accused Instrumentalities”). The Accused Instrumentalities infringe the claims of the Patents-in-Suit.

**COUNT I**
**(Infringement of the ’137 Patent)**

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Taasera has not licensed or otherwise authorized Zoho to make, use, offer for sale, sell, or import any products that embody the inventions of the ’137 Patent.

18. Zoho has and continues to directly and/or indirectly infringe one or more claims of the '137 Patent, including without limitation, claim 1 of the '137 Patent.

19. Zoho has and continues to directly infringe the '137 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '137 Patent.

20. Zoho has and continues to indirectly infringe one or more claims of the '137 Patent by knowingly and intentionally inducing others, including but not limited to, Zoho's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '137 Patent.

21. Zoho indirectly infringes one or more claims of the '137 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Zoho's customers and end-users, in this Judicial District and elsewhere in the United States. For example, Zoho's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '137 Patent. Zoho induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentalities, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Instrumentalities in an infringing manner, including technical support, marketing, manuals, advertisements, and online documentation. Because of Zoho's inducement, Zoho's customers and end-users use the Accused Instrumentalities and directly infringe the '137 Patent in a way Zoho intends. Upon information and belief, Zoho performs these affirmative acts with knowledge of the '137 Patent (at least as of

the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the ’137 Patent.

22. Zoho indirectly infringes one or more claims of the ’137 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Zoho’s affirmative acts of selling and offering to sell the Accused Instrumentalities in this Judicial District and elsewhere in the United States and causing the Accused Instrumentalities to be manufactured, used, sold and offered for sale contribute to others’ use and manufacture of the Accused Instrumentalities, such that the ’137 Patent is directly infringed by others. The accused components within the Accused Instrumentalities are material to the inventions of the ’137 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Zoho to be especially made or adapted for use in the infringement of the ’137 Patent. Zoho performs these affirmative acts with knowledge of the ’137 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the ’137 Patent.

23. A preliminary chart mapping the elements of claim 1 of the ’137 Patent to an Accused Instrumentality is attached hereto as Exhibit A.

24. Taasera has suffered damages as a result of Zoho’s direct and indirect infringement of the ’137 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

25. Taasera has suffered, and will continue to suffer, irreparable harm as a result of Zoho’s infringement of the ’137 Patent, for which there is no adequate remedy at law, unless Zoho’s infringement is enjoined by this Court.

**COUNT II**
**(Infringement of the '996 Patent)**

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. Taasera has not licensed or otherwise authorized Zoho to make, use, offer for sale, sell, or import any products that embody the inventions of the '996 Patent.

28. Zoho has and continues to directly and/or indirectly infringe one or more claims of the '996 Patent, including without limitation, claim 1 of the '996 Patent.

29. Zoho has and continues to directly infringe the '996 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '996 Patent.

30. Zoho has and continues to indirectly infringe one or more claims of the '996 Patent by knowingly and intentionally inducing others, including but not limited to, Zoho's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '996 Patent.

31. Zoho indirectly infringes one or more claims of the '996 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Zoho's customers and end-users, in this Judicial District and elsewhere in the United States. For example, Zoho's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '996 Patent. Zoho induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentalities, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Instrumentalities in an

infringing manner, including technical support, marketing, manuals, advertisements, and online documentation. Because of Zoho's inducement, Zoho's customers and end-users use the Accused Instrumentalities and directly infringe the '996 Patent in a way Zoho intends. Upon information and belief, Zoho performs these affirmative acts with knowledge of the '996 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '996 Patent.

32. Zoho indirectly infringes one or more claims of the '996 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Zoho's affirmative acts of selling and offering to sell the Accused Instrumentalities in this Judicial District and elsewhere in the United States and causing the Accused Instrumentalities to be manufactured, used, sold and offered for sale contribute to others' use and manufacture of the Accused Instrumentalities, such that the '996 Patent is directly infringed by others. The accused components within the Accused Instrumentalities are material to the inventions of the '996 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Zoho to be especially made or adapted for use in the infringement of the '996 Patent. Zoho performs these affirmative acts with knowledge of the '996 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '996 Patent.

33. A preliminary chart mapping the elements of claim 1 of the '996 Patent to an Accused Instrumentality is attached hereto as Exhibit B.

34. Taasera has suffered damages as a result of Zoho's direct and indirect infringement of the '996 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

35. Taasera has suffered, and will continue to suffer, irreparable harm as a result of Zoho's infringement of the '996 Patent, for which there is no adequate remedy at law, unless Zoho's infringement is enjoined by this Court.

**COUNT III**
**(Infringement of the '517 Patent)**

36. Paragraphs 1 through 35 are incorporated by reference as if fully set forth herein.

37. Taasera has not licensed or otherwise authorized Zoho to make, use, offer for sale, sell, or import any products that embody the inventions of the '517 Patent.

38. Zoho has and continues to directly and/or indirectly infringe one or more claims of the '517 Patent, including without limitation, claim 1 of the '517 Patent.

39. Zoho has and continues to directly infringe the '517 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '517 Patent.

40. Zoho has and continues to indirectly infringe one or more claims of the '517 Patent by knowingly and intentionally inducing others, including but not limited to, Zoho's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '517 Patent.

41. Zoho indirectly infringes one or more claims of the '517 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Zoho's customers and end-users, in this Judicial District and elsewhere in the United States. For example, Zoho's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '517 Patent. Zoho induces this direct infringement

through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentalities, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Instrumentalities in an infringing manner, including technical support, marketing, manuals, advertisements, and online documentation. Because of Zoho's inducement, Zoho's customers and end-users use the Accused Instrumentalities and directly infringe the '517 Patent in a way Zoho intends. Upon information and belief, Zoho performs these affirmative acts with knowledge of the '517 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '517 Patent.

42. Zoho indirectly infringes one or more claims of the '517 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Zoho's affirmative acts of selling and offering to sell the Accused Instrumentalities in this Judicial District and elsewhere in the United States and causing the Accused Instrumentalities to be manufactured, used, sold and offered for sale contribute to others' use and manufacture of the Accused Instrumentalities, such that the '517 Patent is directly infringed by others. The accused components within the Accused Instrumentalities are material to the inventions of the '517 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Zoho to be especially made or adapted for use in the infringement of the '517 Patent. Zoho performs these affirmative acts with knowledge of the '517 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '517 Patent.

43. A preliminary chart mapping the elements of claim 1 of the '517 Patent to an Accused Instrumentality is attached hereto as Exhibit C.

44. Taasera has suffered damages as a result of Zoho's direct and indirect infringement of the '517 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

45. Taasera has suffered, and will continue to suffer, irreparable harm as a result of Zoho's infringement of the '517 Patent, for which there is no adequate remedy at law, unless Zoho's infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Taasera prays for relief against Zoho as follows:

a. Entry of judgment declaring that Zoho has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. Entry of judgment declaring that Zoho's infringement of the Patents-in-Suit is willful;

c. An order awarding damages sufficient to compensate Taasera for Zoho's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

d. An order pursuant to 35 U.S.C. § 283 permanently enjoining Zoho, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of one or more of the Patents-in-Suit;

e. Entry of judgment declaring that this case is exceptional and awarding Taasera its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

f. An accounting for acts of infringement;

g. Such other equitable relief which may be requested and to which Taasera is entitled; and

h. Such other and further relief as the Court deems just and proper.

Dated: September 15, 2026

Respectfully submitted,

*/s/ Bryan N. DeMatteo*
Bryan N. DeMatteo
NY Bar No. 4021267
Email: bryan@demfirm.com
**DEMATTEO LAW LLC**
11028 Harbor Bay Drive
Fishers, IN 46040
Phone: 516-816-1571
Fax: 732-301-9202

*Attorney for Plaintiff,*
*Taasera Licensing LLC*